IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ROBERT DENNIS KING, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV408-103
 )
SHERIFF AL ST. LAWRENCE, )
UNDERSHERIFF DONNIE ANDERSON, )
and CHATHAM COUNTY SHERIFF'S )
DEPARTMENT, AN OFFICIAL )
DEPARTMENT OF CHATHAM COUNTY )
GOVERNMENT, )
 )
    Defendants. )
 )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation. (Doc. 10.) Instead of objections, Plaintiff filed a "Petition to Request Dismissal of Action" (Doc. 12), in which the Plaintiff seeks voluntary dismissal of the case under Federal Rule of Civil Procedure 41(a)(2). Defendants oppose Plaintiff's Motion and request that, if granted, the Court award Defendants costs and fees in the event Plaintiff refiles this case. (Doc. 13.) After careful consideration, the Court **DECLINES** to adopt the Magistrate Judge's Report and Recommendation.[1] Plaintiff's Motion is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE**. In addition, the Court **DECLINES** to

---

[1] Defendants' pending Motions are **DISMISSED AS MOOT**. (Docs. 4, 5, 6, 7, 8, & 9.)

award costs to Defendants. The Clerk of Court is **DIRECTED** to **CLOSE THIS CASE.**

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff to voluntarily seek dismissal of an action "only by court order, on terms that the court considers proper." Dismissal under Rule 41(a)(2) is without prejudice, unless otherwise ordered by the Court. District Courts have "broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (citing McCants v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986)). In general, voluntary dismissal is proper unless any defendant "will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." McCants, 781 F.2d at 856–57 (emphasis omitted). When dismissing a case under Rule 41(a)(2), the Court should "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Id. at 857.

After reviewing this case, the Court finds that voluntary dismissal would not prejudice Defendants. In response to Plaintiff's Motion, Defendants do not identify any clear, legal prejudice that they would suffer as a result of dismissal. In addition, the Court declines to impose any costs on Plaintiff should he choose to refile this lawsuit. Due to the early stage

of this case, Defendants have not yet been subjected to the expense of discovery. Also, Defendants, who are all represented by the same counsel, have filed less than twenty pages of substantive briefs with this Court.[2] Accordingly, Plaintiff's Motion to Dismiss is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**.

SO ORDERED this 10th day of October, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] This Court also notes that, should Plaintiff choose to refile, it is likely that his legal arguments will be the same, except that he will perfect service on Chatham County. Therefore, it is unlikely that Defendants will incur additional legal expenses to any great degree.